IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMIRALS BANK, a federally-chartered savings bank, successor by assignment to CITIBANK, N.A., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 15 cv 7443 |
| v. | ) ) | Hon. Judge Amy St. Eve |
| PREFERRED-HALSTED II LLC, an Illinois limited liability company; BETHANY CHRISTIAN SERVICES OF ILLINOIS, a Michigan not-for-profit corporation; THOMAS MORABITO; RNNB, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND DEFAULT JUDGMENT**

This is a commercial foreclosure case wherein Defendants have not asserted any bona fide defenses to the Amended Complaint filed by the Plaintiff, Admirals Bank ("Admirals" or "Plaintiff"). Defendants Preferred-Halsted II LLC, an Illinois limited liability company, and Bethany Christian Services of Illinois, a not-for-profit Michigan corporation, borrowed $1.4 million from CitiBank, N.A., which loan documents were later sold and assigned to the Plaintiff. Defendant Thomas Morabito ("Morabito") personally guaranteed the loans. Defendants defaulted on the loan and Admirals is entitled to foreclose its Note and Mortgage and recover from certain Defendants amounts due under the loan documents.

**I. BACKGROUND FACTS**

Admirals filed its Complaint against Defendants on August 25, 2015, stating claims for mortgage foreclosure, breach of note, and breach of guaranties. *See* Docket No. 1, Complaint

generally. Pursuant to order of this Court, Admirals filed an Amended Complaint on September 9, 2015. *See* Rule 56.1 Statement of Undisputed Material Facts ("SOMF") at ¶2.

Defendant Bethany Christian Services of Illinois ("Bethany Christian") is a not-for-profit Michigan corporation and a resident and citizen of the State of Michigan. SOMF at ¶3. Bethany Christian filed its Answer and Affirmative Defense to the Amended Complaint on November 12, 2015, and therefore, this Court has jurisdiction over Bethany Christian. SOMF at ¶4.

Defendant RNNB, LLC, ("RNNB") is an Illinois limited liability company, with its principal place of business located in Chicago, Illinois. SOMF at ¶5. RNNB is an Illinois is a resident and citizen of the State of Illinois. SOMF at ¶5. RNNB filed its Answer to the Amended Complaint on November 12, 2015, and therefore, this Court has jurisdiction over RNNB. SOMF at ¶6.

Defendant Preferred-Halsted II LLC ("Preferred-Halsted"), is an Illinois limited liability company, doing business in the State of Illinois and holds legal title to the commercial real property commonly known as 11717-21 S. Halsted Street, Chicago, Illinois (hereinafter, the "Subject Property"). SOMF at ¶7. Defendant Thomas Morabito ("Morabito") is an adult individual who resides in Skokie, Illinois and is a member of Preferred-Halsted. SOMF at ¶ 8.

On February 25, 2016, this Court found that Defendants Preferred-Halsted and Thomas Morabito, after being properly served with summons and complaint, were in default, and this Court granted Admirals' motion for an order of default against Preferred-Halsted and Morabito. SOMF at ¶ 8.

### A. The Loan Documents stand as executed and undisputed.

On or about December 13, 2006, Preferred-Halsted and Bethany Christian (the "Borrowers") executed and delivered to Citibank, N.A. ("Citibank") a "Fixed Rate Promissory Note with a 10 Year Call Option" (the "Note"), wherein Citibank advanced to Borrowers the

sum of $1,400,000.00 (the "Loan"). SOMF at ¶ 10. On or about April 12, 2012, Citibank agreed to sell the Note to Admirals, and Citibank assigned the Note by an Allonge, which conveyed all right, title and interest in the Note to Admirals. SOMF at ¶ 12.

In order to secure payment of the Note, Borrowers granted to Citibank, a "Mortgage, Assignment of Rents, Security Agreement and Fixture Filing" in the Subject Property, dated December 13, 2006 and recorded with the Recorder of Deeds of Cook County, Illinois, on February 5, 2007 as Document No. 0703602005 (the "Mortgage"). SOMF at ¶ 13. As part of the sale of the Loan to Admirals, on or about April 12, 2012, Citibank entered into an "Assignment of Mortgage" wherein Citibank assigned all of its right, title and interest to the Mortgage to Admirals, which was recorded with the Recorder of Deeds of Cook County, Illinois, on June 7, 2012 as Document No. 1215919124. SOMF at ¶ 14.

On or about December 13, 2006, Morabito executed a "Loan and Continuing Guaranty" (the "Guaranty") agreement wherein Morabito personally and unconditionally guaranteed repayment of all indebtedness owed by Preferred-Halsted and Bethany Christian to CitiBank, which has been sold and transferred to Admirals. SOMF at ¶ 15.

Admirals is the owner, holder and lawful possessor of the Note, the Mortgage, and the Guaranty (collectively the "Loan Documents"), which are in Admirals' possession. SOMF at ¶ 16.

Preferred-Halsted and Bethany Christian defaulted on the Note on November 1, 2014, and failed to pay Admirals in accordance with the terms of the Note and are currently in default under the terms of the Loan Documents. SOMF at ¶ 17. Morabito is in default pursuant to the Guaranty, since Preferred-Halsted is in default under the Loan Documents and because neither Preferred-Halsted, Bethany Christian, nor has any other party has cured such default or paid

amounts due to Plaintiff thereunder upon the default of the Note on November 1, 2014. SOMF at ¶ 18.

### B. The Amounts Due under the Loan Documents.

As a result of Defendants' default under the terms of the Note and Mortgage, as set forth in the Affidavit of Carol O'Flaherty, Vice President of Admiral Bank, in Support of Plaintiff's Motion for Summary Judgment, as of February 29, 2016, the following amounts due and owing from Defendants to Admirals (SOMF at ¶ 19.):

| | |
|---|---|
| Principal: | $ 1,172,253.73 |
| Interest:<br>Per Diem after 02/29/16: $213.29 | $ 101,955.29 |
| Late Fees: | $ 11,596.39 |
| Mortgage escrow fee | $ 213.29 |
| Minus escrow reserve | $ ( 15,227.17) |
| Total: | $ 1,270,703.23 |

Further, pursuant to the Loan Documents, Admirals is entitled to recover from Defendants its attorneys' fees, costs, and expenses incurred to enforce the terms of the Loan Documents. As of February 17, 2016, Admirals has incurred $57,246.50 in fees and $1,789.19 in costs while being represented by Thompson Coburn LLP, for a total of $59,035.79 in fees and costs. SOMF.¶¶ 20, 21.

The total amount due and owing from the Defendants to Admirals is **$1,329,739.02.** SOMF at ¶ 22.

### II. LEGAL STANDARD FOR DEFAULT JUDGMENT

A default judgment is warranted if a party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55. Granting or denying default judgment is within the Court's sound discretion. *Deutsche Bank Nat. Trust Co. v. Ball*, 10 cv

0872-MJR, 2012 WL 1145074, at *2 (S.D. Ill., April 5, 2012). "Entering default judgment against a party establishes a defendant is liable to the plaintiff for each claim alleged in the complaint as a matter of law." *Id.*

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is warranted if "there is no genuine issue as to any material fact" such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party demonstrates the absence of a material issue of fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial" and "may not rely merely on allegations or denials in its own pleadings." Fed. R. Civ. P. 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute exists as to any material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). "[T]he mere existence of some alleged factual dispute between the parties," will not preclude summary judgment. *See Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922-923 (7th Cir. 2001).

### IV. ARGUMENT

**A. Preferred-Halsted and Morabito are in default due to their failure answer or otherwise plead to the Amended Complaint and Admirals is entitled to a Default Judgment.**

Preferred-Halsted is the owner of the Subject Property, a Borrower under the Loan Documents and has failed defend and deny the allegations of Admirals' Amended Complaint. SOMF at ¶ 9. Failure to respond to the Amended Complaint results in those allegations being admitted and Plaintiff therefore moves the Court for the entry of a Judgment of Foreclosure and Sale against Preferred-Halsted on Count I of the Complaint.

This Court has also entered an Order of Default against Morabito. SOMF at ¶ 9. Since Morabito has failed to answer or otherwise plead to the Amended Complaint, Admirals is

entitled to the entry of a default Judgment on Count I of the Amended Complaint and the entry of a Judgment of Foreclosure and Sale to foreclose it Mortgage as to Morabito.

Admirals is also entitled to the entry of a default judgment on Count III of the Amended Complaint, pursuant to the Guaranty, and the Court should enter judgment against Morabito, and in accordance with the Affidavits, the for sum of **$1,329,739.02**.   SOMF at ¶¶ 15, 19, 20,21, 22.

### B. Bethany Christian and RNNB have not raised any meritorious defenses to the Amended Complaint, entitling Admirals to Summary Judgment.

Foreclosure proceedings in Illinois are governed by the Illinois Mortgage Foreclosure Law. *Ocwen Federal Bank, FSB v. Harris*, 99 C 658, 2000 WL1644377, at *2, (N.D. Ill. Oct. 24 2000).  In diversity cases, the court should apply federal procedural law and state substantive law. *The Bank of New York Mellon v. Ontiveros, 2014 WL 114129* (N.D. Ill. January 13, 2014). Therefore, provisions of the Illinois Code of Civil Procedure will govern mortgage foreclosure proceedings, unless inconsistent with the Illinois Mortgage Foreclosure Act. *See also*, 735 ILCS 5/15-1501 et seq.  In order to establish a prima facie case for mortgage foreclosure a plaintiff is only required to introduce the note and mortgage, at which time the burden shifts to the nonmovant to establish a defense. *Farm Credit Bank of St. Louis v. Beithman*, 262 Ill. App. 3d 614, 622 (5th Dist. 1994).

Here, none of the Defendants have raised any real defenses to default under the Note and Mortgage and Admirals is seeking to foreclose its Mortgage on Count I of the Amended Complaint.  RNNB holds a second position mortgage on the Subject Property.  RNNB filed an Answer without affirmative defenses, simply stating that it had a mortgage on the Subject Property.  SOMF, Exhibit B, at ¶16.  RNNB admitted most of the allegations of the Amended Complaint, or required proof of Admirals' allegations, which now have been provided. SOMF, Exhibit C; SOMF, Exhibit B, generally.  Since the Loan Documents attached the Affidavit of the Admirals clearly indicate that Admirals' Mortgage was recorded approximately one year prior to

the mortgage of RNNB, Admirals has a superior, first position Mortgage on the Subject Property. Therefore, as there is no genuine issue of material fact as to the existence of the Note or Mortgage or Preferred-Halsted's defaults thereunder and Admirals is entitled to summary judgment as a matter of law against RNNB, and a Judgment of Foreclosure and Sale on Count I of the Amended Complaint.

Admirals is also entitled to an award of summary judgment against Bethany Christian on Count I of the Amended Complaint. In its Answer and Affirmative Defense to the Complaint, Bethany Christian neither admitted nor denied the default under the Note and Mortgage. SOMF, Exhibit A, at ¶4. However, according to the Affidavit of Carol O'Flaherty of Admirals, both Preferred-Halsted and Bethany Christian failed to make any payments due under the Note since November 1, 2014. SOMF, Exhibit C, at ¶14. Bethany Christian will not be able to refute the fact that there is a continuing default under the Loan Documents.

Bethany Christian raises one Affirmative Defense, which is that it cannot be held "personally liable" for the loan amounts due and owing. SOMF, Exhibit A, at ¶11. In other words, Bethany Christian asserts that this is a non-recourse loan and that Admirals may only recover from the Subject Property, its rents and profits and not directly from Bethany Christian. Admirals is willing to concede that the Loan Documents prevent it from seek a deficiency judgment and a judgment on Count II (the Note) of the Amended Complaint against Bethany Christian, so this is no longer an issue. Bethany Christian does not set forth any other defense, nor does it interpose a real objection to Admirals seeking to foreclose the Mortgage.

Accordingly, Admirals is entitled to judgment as a matter of law and this Court should enter default judgment on Count I (Foreclose Mortgage) against Preferred-Halsted and Morabito and summary judgment against RNNB and Bethany Christian on Count I, and enter a Judgment of Foreclosure and Sale.

The total balance due pursuant to the Loan Documents through February 29, 2016 (excluding attorneys' fees and costs) is $1,270,703.23, which amount is comprised of unpaid principal ($1,172,253.73), unpaid accrued interest thereupon ($101,955.29), applicable late charges ($11,596.39) and mortgage escrow fee ($125.00), (minus $15,227.17 being held in the escrow reserve), related to the indebtedness evidenced by the Note. Interest continues to accrue at the per diem rate of $213.29. SOMF ¶15 and Affidavit of Carol O'Flaherty in Support of Plaintiff's Motion for Summary Judgment, attached thereto as Exhibit C).

Further, pursuant to the Loan Documents, Admirals is entitled to recover its attorneys' fees, costs, and expenses incurred to enforce the terms of the Loan Documents. SOMF, AFF ¶¶ 20. As of February 17, 2016, Admirals has incurred $57,246.50 in fees and $1,789.19 in costs while being represented by Thompson Coburn LLP, for a total of $59,035.79 in fees and costs. SOMF, AFF ¶¶ 20, 21.

Admirals is requesting that this Court enter a Judgment of Foreclosure and Sale in substantial conformity with the proposed Judgement, attached hereto as Exhibit A. The Judgment includes the appointment of a judicial selling offer, Judicial Sales Corporation.

The total amount due and owing from the Defendants to Admirals is $1,329,739.02. SOMF ¶22. Admirals is requesting that this Court enter judgment in its favor and against Morabito pursuant to the Guaranty on Count III of the Amended Complaint in the amount of $1,329,739.02. A proposed Order entering judgment for that amount on Count III against Morabito attached as Exhibit B.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Admirals Bank, is entitled as a matter of law to the following:

a. An award of default judgment in favor of Admirals Bank and against Defendants Preferred-Halsted II, LLC and Thomas Morabito on Count I of the Complaint, and enter a Judgment of Foreclosure and Sale;

b. An award of summary judgment in favor of Admirals Bank and against Bethany Christian Services of Illinois and RNNB, LLC on Count I of the Complaint, and enter a Judgment of Foreclosure and Sale on Count I;

c. A default judgment in favor of Admirals Bank and against Thomas Morabito with an award of damages in the amount of $1,329,739.02 on Count III of the Complaint;

d. Appoint Judicial Sales Corporation as the selling officer in the Judgment of Foreclosure and Order of Sale;

e. For such other and further relief this Court finds just and proper.

Respectfully submitted,

ADMIRALS BANK, Plaintiff,

Dated: March 1, 2016

By: /s/ Lauren Newman
Lauren Newman, Esq.
Ann Addis Pantoga, Esq.
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500
Fax: (312) 782-3659
lnewman@thompsoncoburn.com
apantoga@thompsoncoburn.com
*Attorneys for Plaintiff*